IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

In Re:

CAROL JOANNE CRAFT,
deceased,

        Debtor

---

DANNY LEE BOUNDS, d/b/a the
fictitious name Affordable
Homes,                                     **Case No. 10-2291-RDR**

        Appellant,
  vs.

CAROL JOANNE CRAFT, et al.,

        Appellees.

---

## **MEMORANDUM AND ORDER**

This is an appeal from an order of the bankruptcy court. In that order, the bankruptcy court dismissed some claims in the appellant's adversary proceeding complaint for lack of subject matter jurisdiction and others for failure to state a claim upon which relief could be granted. Having carefully reviewed the arguments of the parties, the court is now prepared to rule. The court does not find that oral argument would be useful here.

The facts as set forth in the appellant's complaint as well as the bankruptcy court's order are as follows: In 2002, Carol Joanne Craft filed a Chapter 7 bankruptcy. In 2000, a state court judgment had been entered in Craft's favor and against appellant or

a business related to him. In filing the bankruptcy, Craft did not disclose the litigation against the appellant or the judgment. Craft subsequently received her discharge and the bankruptcy case was closed in 2003. Craft died on August 24, 2004. In late 2004, and after Craft had died, Craft's counsel executed on the state court judgment. Craft's counsel obtained over $19,000 from appellant's bank account. Appellant alleges that sometime in 2008 he was confronted by Craft's children demanding to know why he had not paid their mother pursuant to the state court judgment. Appellant contends that his inquiries led Craft's counsel to file an interpleader action in Johnson County, Kansas where they deposited the proceeds from the garnishment into the court. Shortly thereafter, the Chapter 7 Trustee moved to reopen the Craft bankruptcy case to pursue the 2000 state court judgment proceeds for the benefit of the estate. Appellant, proceeding pro se, then filed a complaint in the bankruptcy court against Craft, the attorneys who represented Craft both in the bankruptcy and the state court action, the attorneys who represented him in the state court litigation, the attorney who filed the Johnson County interpleader, and Jane and John Does 1 to 100. He asserted claims of malicious prosecution, legal malpractice, negligence, conspiracy, violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), theft, fraud, extortion, forgery, due process, and violations of the Patriot Act. In a nutshell,

2

appellant contends that the defendants acted to unjustly deprive him of approximately $19,000 in garnished funds. Appellant later filed an amended complaint, but the claims in the amended complaint were identical to the ones raised in the original complaint.

The defendants moved to dismiss the appellant's amended complaint. The bankruptcy court granted the defendants' motion, determining that it lacked jurisdiction to consider appellant's challenge to the garnishment. It found that it had no jurisdiction to review the state court judgment and the resulting garnishment. It further noted that appellant had failed to allege how his claims against the non-debtor defendants are related to or could possibly affect Craft's estate. Finally, the court noted that many of appellant's claims failed due to pleading deficiencies. The court determined that these claims could not be saved by further amendments or transfer to another court.

In this appeal, the appellant, who is again proceeding pro se, raises a variety of issues. The appellant contends that the bankruptcy court erred because it (1) did not require the defendants to file answers and did not enter defaults against them; (2) quashed certain subpoenas and possibly held subpoenaed records; (3) stayed discovery until a Rule 26(f) planning conference had occurred; (4) never entered a scheduling order; (5) allowed the bankruptcy trustee to file a motion to dismiss; (6) reopened Craft's bankruptcy case; (7) scheduled and then cancelled a status

3

conference; (8) could have designated appellant's complaint as a core proceeding but chose to dismiss his complaint instead; (9) could have transferred the case, but instead dismissed his amended complaint; (10) failed to issue a ruling that his amended complaint lacked merit; and (11) never held a hearing.

The court has jurisdiction to hear appeals from the bankruptcy courts pursuant to 28 U.S.C. § 158. In deciding such appeals, the court may not set aside the bankruptcy court's findings of fact unless they are clearly erroneous. See Virginia Beach Federal Sav. and Loan Ass'n v. Wood, 901 F.2d 849, 851 (10th Cir. 1990). The bankruptcy court's conclusions of law are reviewed de novo. Id. This court does construe pro se litigants' pleadings liberally and hold them to "a less stringent standard than formal pleadings drafted by lawyers," but we do not make legal arguments or perform legal research for them. Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840-41 (10th Cir. 2005) (quotation omitted).

The court has carefully reviewed the matters noted by the appellant as errors by the bankruptcy court. The court finds no support for any of the arguments raised by the appellant. The briefs filed by the appellant fail to provide any explanation on the noted errors. The bankruptcy court properly reopened the Craft bankruptcy following the trustee's receipt of information of the monies in the interpleader actions. Following the filing of the adversary proceeding by the appellant, the bankruptcy court

4

correctly allowed the trustee to file a motion to dismiss and stayed discovery. Once the bankruptcy court determined that the motions to dismiss should be granted, the other matters noted by the appellant, such as the failure of the bankruptcy court to (1) enter default judgments against non-answering defendants, (2) enter a scheduling order, (3) hold a status conference or a hearing on the motions to dismiss, or (4) issue a ruling that the amended complaint lacked merit, were moot. Finally, the court finds no error in the decision of the bankruptcy court in failing to transfer the adversary proceeding to another court. The court finds that appellant has failed to demonstrate that such a transfer would have been in the interests of justice. In sum, the court finds that the bankruptcy court properly handled the adversary proceeding in all respects.

In addition, the court finds that the bankruptcy court properly dismissed appellant's amended complaint for lack of subject matter jurisdiction. Bankruptcy judges may only exercise the authority conferred under 28 U.S.C. § 157 and 28 U.S.C. § 1334. In re Johnson, 575 F.3d 1079, 1082 (10th Cir. 2008). Thus, the bankruptcy court may hear and decide "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. § 157(a). Proceedings "arising in" bankruptcy cases are generally referred to as "core" proceedings, and essentially are proceedings that would

not exist outside of bankruptcy. Johnson, 575 F.3d at 1082. Bankruptcy courts may also assert jurisdiction over proceedings "related to" a bankruptcy case, or a "non-core proceeding." To determine if the matter is a "non-core proceeding" over which the bankruptcy court may exercise jurisdiction, the test is whether "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." In re Gardner, 913 F.3d 1515, 1518 (10th Cir. 1990) (per curiam) (citation omitted). "Although the proceeding need not be against the debtor or his property, the proceeding is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action in any way, thereby impacting on the handling and administration of the bankruptcy estate." Id.

Applying the aforementioned test, the bankruptcy court correctly concluded it did not have jurisdiction over the claims challenging the garnishment asserted by appellant. The alleged claims could have no impact on the administration of the debtor's estate.

Finally, the court finds that the bankruptcy court properly analyzed most of appellant's claims and determined that they failed to state a claim upon which relief could be granted. The bankruptcy court determined that plaintiff's claims of malicious prosecution, due process violations, conspiracy, RICO, theft, fraud, extortion, bankruptcy fraud, bank fraud, forgery,

6

falsification of documents, money laundering, and Patriot Act violations were either inadequately pleaded or simply failed to state a valid cause of action. For the reasons stated by the bankruptcy court in its thorough and comprehensive order, this court agrees. Thus, the decision of the bankruptcy court shall be affirmed.

**IT IS SO ORDERED.**

Dated this 25th day of October, 2010 at Topeka, Kansas.

> s/Richard D. Rogers
> United States District Judge